1

2

3

4

5

6

7

8                    UNITED STATES DISTRICT COURT

9                   SOUTHERN DISTRICT OF CALIFORNIA

10  DOUG CHAMBERS, an individual and    )    Civil No. 09cv0419 JAH(RBB)
    on behalf of the general public,    )
11                                       )    **ORDER GRANTING**
                        Plaintiff,       )    **DEFENDANT'S MOTION TO**
12  v.                                   )    **DISMISS [DOC. # 5]**
                                         )
13  CVS PHARMACY, INC., a Rhode          )
    Island corporation, and DOES 1       )
14  through 100, inclusive,              )
                                         )
15                      Defendants.       )
                                         )
16  ──────────────────────────────────  )

17                        **INTRODUCTION**

18        Now before the Court is the motion of defendant CVS Pharmacy, Inc.

19  ("defendant") to dismiss the instant complaint.  The motion has been fully briefed by the

20  parties.  After a thorough review of the pleadings presented, and for the reasons set forth

21  below, this Court **GRANTS** defendant's motion to dismiss for lack of subject matter

22  jurisdiction pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure.

23                        **BACKGROUND**

24        Doug Chambers ("plaintiff"), filed the instant class action complaint on

25  March 3, 2009, and an amended complaint, the operative pleading here, on

26  March 30, 2009.  In his amended complaint, plaintiff alleges he purchased an eyeglass

27  repair kit manufactured, marketed and/or sold by defendant labeled "Made in USA".

28  Doc. # 4 ¶ 10.  The amended complaint alleges that the eyeglass repair kits contained

1  component parts made in foreign countries.  Id. ¶ 11.  Plaintiff claims the purported

2  "Made in USA" label was what induced him to purchase the product.  Id. ¶ 16.

3      Plaintiff's class action complaint, filed on behalf of plaintiff as an individual and on

4  behalf of other persons similarly situated in the State of California who purchased

5  defendant's eyeglass repair kits, alleges causes of action for (1) violation of the Consumer

6  Legal Remedies Act ("CLRA"), California Civil Code § 1750 *et seq*. (Count I); (2) violation

7  of Business and Prof. Code § 17200 *et seq*. (Count II); and (3) violation of Business and

8  Prof. Code § 17533.7 (Count III).  Id. ¶¶ 25 - 63.  On April 20, 2009, defendant filed the

9  instant motion to dismiss.  Plaintiff's opposition to the motion was filed on May 22, 2009

10  and defendant's reply brief was filed June 8, 2009.  This Court subsequently took the

11  motion under submission without oral argument.  See CivLR 7.1(d.1).[1]

12                          **DISCUSSION**

13      Defendant moves to dismiss plaintiff's amended complaint on the grounds that (1)

14  this Court lacks subject matter jurisdiction over plaintiffs' claims, and; (2) plaintiff lacks

15  standing to pursue his claims.[2]

16  1.   **Legal Standard**

17      The federal court is one of limited jurisdiction.  See Gould v. Mutual Life Ins. Co.

18  of New York, 790 F.2d 769, 774 (9th Cir. 1986).  As such, it cannot reach the merits of

19  any dispute until it confirms its own subject matter jurisdiction.  Steel Co. v. Citizens for

20  a Better Environment, 523 U.S. 83, 93-94 (1998).  "'Without jurisdiction the court

21  cannot proceed at all in any cause.  Jurisdiction is power to declare the law, and when it

22  ceases to exist, the only function remaining to the court is that of announcing the fact and

23

24      [1] After this Court took the motion under submission, plaintiff filed, on June 11, 2009, a notice
regarding the status of Kwikset Corp. v. Superior Court, 171 Cal.App.4th 645 (2009), that was cited by
25  defendant in support of its standing argument.  See Doc. # 11.  Defendant filed a response to that notice
and plaintiff filed a motion to strike defendant's response.  See Docs. # 12, 13. Because this Court ultimately
26  finds it lacks subject matter jurisdiction, this Court does not need to address the issue of standing.
Therefore, plaintiff's request to strike defendant's response to plaintiff's notice [Doc. # 13] is DENIED as
27  moot.

28      [2] Because this Court ultimately grants defendants' motion to dismiss the complaint pursuant to
Fed.R.Civ.P. 12(b)(1), this Court does not address defendants' standing arguments.

1  dismissing the cause.'" Id. (quoting Ex parte McCardle, 74 U.S. (7 Wall.) 506, 514

2  (1868)); see In re Mooney, 841 F.2d 1003, 1006 (9th Cir. 1988) ("Nothing is to be more

3  jealously guarded by a court than its jurisdiction.  Jurisdiction is what its power rests upon.

4  Without jurisdiction it is nothing."), overruled on other grounds by Partington v. Gedan,

5  923 F.2d 686, 688 (9th Cir. 1991).

6        Under Fed.R.Civ.P. 12(b)(1), the Court may dismiss a complaint for lack of subject

7  matter jurisdiction.   The plaintiff bears the burden of establishing subject matter

8  jurisdiction.   See Kokkonen v. Guardian Life Ins. Co. of America, 511 U.S. 375, 377

9  (1994) (stating that the burden of establishing jurisdiction rests on the party asserting it).

10  When considering a motion to dismiss under Fed.R.Civ.P. 12(b)(1), the district court "is

11  free to hear evidence regarding jurisdiction and to rule on that issue prior to trial, resolving

12  factual disputes where necessary."  Augustine v. United States, 704 F.2d 1074, 1077

13  (9th Cir. 1983).  "In such circumstances, '[n]o presumptive truthfulness attaches to

14  plaintiff's allegations, and the existence of disputed facts will not preclude the trial court

15  from evaluating for itself the merits of jurisdictional claims.'" Id.  (quoting Thornhill

16  Publishing Co. v. General Telephone & Electronic Corp., 594 F.2d 730, 733 (9th

17  Cir. 1979)).

18  2.    **Analysis**

19        Defendant contends that subject matter jurisdiction is lacking in this case because

20  plaintiff cannot reach the amount in controversy required for diversity jurisdiction.

21  Jurisdiction in this case is based solely on diversity. See Doc. # 4 ¶ 7.  For diversity

22  jurisdiction to exist, the named plaintiff must meet the minimum amount in controversy

23  ($75,000) and complete diversity must exist among all plaintiffs and defendants.

24  See Exxon Mobil Corp. v. Allapattah Servs., 545 U.S. 546 (U.S. 2005).  Alternatively, a

25  federal court has subject matter jurisdiction under the Class Action Fairness Act of 2005

26  ("CAFA"), when the class comprises of more than 100 members, minimal diversity of

27  citizenship is present, and where the aggregate amount of all class members' claims exceeds

28

1   $5,000,000 (exclusive of costs or attorneys' fees).³   28 U.S.C. § 1332(d).   Where a

2   statutory authority provides for attorneys' fees, the fees are included in the amount in

3   controversy to reach CAFA's $5,000,000 minimum.  Lowdermilk v. United States Bank

4   National Ass'n, 479 F.3d 994, 1000 (9ᵗʰ Cir. 2007).

5          In its motion to dismiss, defendant alleges that plaintiff fails to set forth facts

6   establishing that this Court has subject matter jurisdiction because the jurisdictional

7   amount required for diversity jurisdiction cannot be met on the facts plead.  Doc. # 5-3

8   at 2.  Defendant explains that CVS sold 17,207 kits between January 2007 and December

9   2008, for an average retail price of $2.45.  Doc. # 5-4 at 4-7.  Defendant argues that, even

10  if the number of actual kits sold was doubled, at an average price of $2.45, the gross sales

11  combined with punitive damages would total $843,140, a figure that falls short of the

12  required jurisdictional minimum.  Doc. # 5-3 at 6.  In opposition, plaintiff points out that

13  defendant fails to take into consideration the scope of the class.  Doc. # 7 at 5.  Plaintiff

14  argues that the putative class extends to any CVS customer who purchased any eyeglass

15  repair kit containing a false "Made in USA" designation.  Id.  Plaintiff contends that there

16  could be six such kits that violate the California "Made in USA" statute and, using this

17  number combined with attorney's fees and costs, the amount in controversy would surpass

18  the jurisdictional minimum.  Id.

19         However, this Court finds that plaintiff has identified only one product which

20  offends the "Made in USA" statute.  Therefore, this Court cannot assume the existence

21  of other such products and must base its calculations solely on the identified product and

22  the figures provided.   Based on the figures provided by defendant, and not disputed by

23  plaintiff, see Doc. # 7 at 5, defendant sold 17,207 kits between January 2007 and

24  December 2008, for an average retail price of $2.45.  Doc. # 5-4 at 4-7.  Even adding an

25

26

27         ³In the instant case, it is not alleged that the named plaintiff will meet the minimum amount in
    controversy, nor is it alleged that complete diversity exists among all plaintiffs and defendants.  Plaintiff's
28  do, however, allege that the class comprises of more than 100 members, minimal diversity exists and an
    aggregate amount in cotroversy that exceeds $5,000,000.

1  award of punitive damages amounting to nine times the restitution amount,[4] and attorneys

2  fees to the restitution amount above or even double the provided figures, the sum does not

3  exceed $5,000,000.

4      Therefore, this Court finds that the instant complaint cannot meet the minimum

5  amount in controversy required for diversity jurisdiction because the evidence before the

6  Court suggests that the amount in controversy is far less than $5,000,000.

7                          **CONCLUSION AND ORDER**

8      Based on the foregoing, IT IS HEREBY ORDERED that defendant's motion to

9  dismiss is **GRANTED,** and the action **DISMISSED** without prejudice, for lack of subject

10  matter jurisdiction.

11

12  DATED:    August 19, 2009

13  _____

14  JOHN A. HOUSTON
    United States District Judge

15

16

17

18

19

20

21

22

23

24

25

26

27

28      [4]Punitive damages awards exceeding nine times the restitution amount are not usually constitutional.
     A single-digit ratio between punitive and compensatory damages, to a significant degree, will satisfy due
     process.  State Farm Mut. Auto Ins. Co. v. Campbell, 538 U.S. 408, 425 (2003).